IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **FONDA A. STREETER,** | \* |
| Plaintiff, | \* |
| v. | \*   Case No.: RWT 12-cv-976 |
| **MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION,** *et al.*, | \* |
| Defendants. | \* |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ms. Fonda A. Streeter filed a *pro se* Complaint in the Circuit Court for Prince George's County, Maryland, alleging that she was sexually harassed and then terminated from her employment with the Maryland National Capital Park and Planning Commission ("Commission") in retaliation for complaining about such discrimination.  (Doc. No. 2). Defendants, the Commission, Emily Rose, and Rodney Scott, removed the action to this Court on April 3, 2012.  (Doc. No. 1).

On April 10, 2012, Defendants filed a Motion to Dismiss Complaint or, in the Alternative, Motion for More Definite Statement.  (Doc. No. 9).  Defendants make their Motion pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure and this Court's Local Rule 105, and request that the Court grant the Motion to Dismiss the Complaint, dismiss Emily Rose and Rodney Scott as parties, and grant Ms. Streeter leave to file an amended complaint against the Commission within twenty-one (21) days of entry of the order of dismissal or, in the alternative, grant the Motion for More Definite Statement, and require Ms. Streeter to provide more detailed factual assertions in her Complaint.  *Id.* at p. 2.  On April 20,

2012, Ms. Streeter filed a Response to Defendant's Motion to Dismiss, which fails to respond in substance to the arguments raised in Defendant's Motion, but requests that the Court not dismiss her action. (Doc. No. 12).

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency" of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In recent years, the U.S. Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. This showing must consist of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must construe a *pro se* Plaintiff's claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Under Rule 12(e) of the Federal Rules of Civil Procedure, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement "challenge[s] the ambiguity" of a complaint. *Smith v. McGraw*, No. 10–cv–02310–AW, 2011 WL 1599579, at *5 (D. Md. Apr. 27, 2011).

## ANALYSIS

Ms. Streeter's Complaint contains bare assertions that Defendants discriminated against her during the course of her employment with the Commission until her termination on July 31, 2009. (Doc. No. 2, ¶ 1). Ms. Streeter alleges that "during her employment with [the Commission], she was subjected to sexual harassment from one of her supervisors, the

[D]efendant Rodney Scott," and that the Commission "failed to take corrective action," even after Ms. Streeter "register[ed] a complaint about sexual harassment." *Id.* ¶ 2. Ms. Streeter claims that the Commission retaliated against her for making such a complaint, and that Defendant Emily Rose placed unspecified requirements on Ms. Streeter's "continued employment which were not required of other employees who were similarly situated." *Id.* Ms. Streeter alleges that as a result of such "arbitrary and discriminatory requirements," she was terminated from her position as Recreation Specialist with the Commission on July 31, 2009. *Id.* ¶¶ 1, 2. Ms. Streeter notes that she registered a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), which "culminated in [her] authorization to file this action." *Id.* ¶ 3.

Ms. Streeter does not cite any law in her Complaint, but the Court construes her action as one for employment discrimination under Title VII. Title VII provides that it is an "unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff need not establish a *prima facie* case of a Title VII violation to survive a motion to dismiss. *Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 250 (4th Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). Still, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Templeton*, 424 F. App'x at 250 (citation omitted). "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

Here, even when the Court liberally construes Ms. Streeter's *pro se* Complaint, the Court is unable to conclude that Ms. Streeter's Complaint contains sufficient factual allegations to survive Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).  Ms. Streeter's Complaint is comprised of a bare assertion that she was "subjected to sexual harassment" by Defendant Rodney Scott, a note that she filed a complaint with the EEOC without making clear that she has exhausted her administrative requirements, and naked allegations of generalized retaliatory conduct by Defendants Emily Rose and the Commission.  (Doc. No. 2).

The assertions in Ms. Streeter's Complaint are insufficient to satisfy the pleading requirements for Title VII claims.  *See, e.g.*, *Moret v. Harvey*, 381 F. Supp. 2d 458, 468 n.4 (D. Md. 2005) ("To plead a *prima facie* case of sexual harassment under Title VII based on hostile work environment, a plaintiff must show: '(1) that the harassment was because of her sex; (2) the harassment was unwelcomed; (3) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) some basis exists for imputing liability to the employer.'") (quoting *EEOC v. R & R Ventures*, 244 F.3d 334, 338 (4th Cir. 2001)); *Tasciyan v. Medical Numerics*, 820 F. Supp. 2d 664, 675 (D. Md. 2011) ("To establish a claim of retaliation under Title VII, [the Plaintiff] must show:  (1) that [she] engaged in protected activity; (2) that [her] employer took an adverse employment action against [her]; and (3) that a causal connection exists between the protected activity and the adverse employment action.") (citation omitted). Without factual support, Ms. Streeter's claims that she was sexually harassed by Defendant Rodney Scott, and that "as a direct and proximate result of . . . arbitrary and discriminatory requirements, [she] was terminated from her position," amount to naked assertions of wrongdoing. (Doc. No. 2, ¶¶ 2, 4).

Defendants request "a complaint that properly frames the issues, and allows them an

opportunity to dispose of issues and claims that are inappropriately before the Court, before being required to undergo the time-intensive litigation process." (Doc. No. 9, at p. 8). The Court will grant the Defendants' Motion to Dismiss, dismissing the Complaint in its entirety, but provide Ms. Streeter with leave to file an amended complaint within twenty-one (21) days of the date of this Order.

For the foregoing reasons, it is this 7th day of January, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendants' Motion to Dismiss Complaint or, in the Alternative, Motion for More Definite Statement (Doc. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Ms. Streeter's Complaint (Doc. No. 2) is **DISMISSED WITHOUT PREJUDICE TO FILE AN AMENDED COMPLAINT** within twenty-one (21) days of the date of this Order that satisfies the pleading standards of Rule 8 of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Ms. Streeter is **CAUTIONED** that should she fail to file an amended complaint in accordance with this Order, the Court may dismiss her action with prejudice; and it is further

**ORDERED**, that the Clerk shall mail a copy of this Order to Plaintiff Fonda A. Streeter.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE