**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **FONDA A. STREETER,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 12-cv-0976 |
| | * | |
| **MARYLAND-NATIONAL** | * | |
| **CAPITAL PARK AND PLANNING** | * | |
| **COMMISSION, et al.,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Self-represented Plaintiff Fonda A. Streeter filed a Complaint in the Circuit Court for Prince George's County, Maryland alleging that she was sexually harassed and then terminated from her employment with the Maryland-National Capital Park and Planning Commission (the "Commission") in retaliation for complaining about the harassment. ECF No. 2. Defendants, the Commission, Emily Rose, and Rodney Scott, removed the action to this Court on April 3, 2012. ECF No. 1.

On April 10, 2012, Defendants moved to dismiss the Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). ECF No. 9. On January 7, 2013, the Court granted Defendants' dispositive motion, dismissing the Complaint as to Emily Rose and Rodney Scott and granting Streeter leave to file an amended complaint against the Commission within twenty-one days. ECF No. 18. The Court cautioned Streeter that any amended complaint filed must satisfy the pleading standards of Federal Rule of Civil Procedure 8, which requires clear and specific facts sufficient to allege liability, or risk dismissal with prejudice. *Id.* On January 28, 2013, Streeter filed a document entitled "Plaintiff's Amended Complaint to

Defendants Memorandum Opinion and Order," but which is in substance an objection to this Court's January 7, 2013 Order dismissing the case without prejudice. ECF No. 19. Defendants now move to dismiss the Amended Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6). Mot. 1, ECF No. 21. No response has been filed.

In Streeter's original Complaint, she alleged that Defendants discriminated against her during the course of her employment with the Commission until her termination on July 31, 2009. ECF No. 2, ¶ 1. Streeter alleged that she had been subjected to sexual harassment from her supervisor, Rodney Scott, and that the Commission both failed to take corrective action and retaliated against her for filing a complaint. *Id.* ¶ 2. According to Streeter, this retaliation included another supervisor, Emily Rose, placing unspecified requirements on her employment—which were not required of other, similarly situated employees and which ultimately led to her termination on July 31, 2009. *Id.* ¶¶ 1, 2. Streeter noted that she also registered a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") that "culminated in [her] authorization to file this action." *Id.* ¶ 3.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotations and

emphasis omitted).   "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'"  *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

Title VII provides that it is an "unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A plaintiff need not establish a *prima facie* case of a Title VII violation to survive a motion to dismiss. *Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 250 (4th Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)).  Yet, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Templeton*, 424 F. App'x at 250 (citation omitted).   "'[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations and citation omitted).

Streeter's original Complaint was insufficient to survive a motion to dismiss, having been comprised of only a bare assertion that she was "subjected to sexual harassment" by Rodney Scott, a note that she filed a complaint with the EEOC without making clear that she has exhausted her administrative requirements, and naked allegations of generalized retaliatory conduct by Emily Rose and the Commission.  *See* ECF No. 18, at 4.  Streeter's filings with the Court since then have neither cured these deficiencies nor illuminated any facts which allege, in

3

more than a conclusory fashion, that Defendants have acted unlawfully.  Even when the Court liberally construes Streeter's *pro se* Complaint, the Court is unable to conclude that it contains sufficient factual allegations to raise a right to relief above the speculative level.  The facts pleaded in the document entitled "Plaintiff's Amended Complaint to Defendants Memorandum Opinion and Order," therefore, do not fairly apprise Defendants of what is being claimed and are insufficient to survive a motion to dismiss.

Accordingly, it is this 31st day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendants' Motion to Dismiss Complaint with Prejudice (ECF No. 21) is hereby **GRANTED** and the Amended Complaint is hereby **DISMISSED** with prejudice; and it is further

**ORDERED**, that Plaintiff's Motion to Continue (ECF No. 24) is hereby **DENIED AS MOOT**; and it is further

**ORDERED**, that judgment for costs is hereby **ENTERED** in favor of Defendants; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and Counsel of Record.

_____
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
